# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

STEVEN HALL,
ADC #130281                                                                                      PLAINTIFF

V.                              5:17CV00214 JM/JTR

RORY L. GRIFFIN, Deputy Director of
Health and Correctional Services, ADC, et al.                              DEFENDANTS

## RECOMMENDED PARTIAL DISPOSITION

The following Recommended Partial Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

# I. Introduction

Plaintiff Steven Hall ("Hall") is a prisoner in the Grimes Unit of the Arkansas Department of Correction. He has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights while he was in the Varner Unit. *Doc. 2.* Before Hall may proceed with this case, the Court must screen his allegations.[1]

# II. Discussion

## A. Inadequate Medical Care Claim

Hall alleges that, in March of 2017, Defendants Nurse Heather Luker ("Luker") and Nurse Scott ("Scott") failed to provide him with constitutionally adequate medical care for a mouth infection that later caused him to be hospitalized for six days. *Id.* Hall also alleges that ADC Deputy Director of Health and Correctional Services Rory Griffin ("Griffin") failed to take proper corrective action after receiving his grievance challenging the medical care he received for his mouth infection. *Id.*

The Court concludes, *for screening purposes only*, that Hall has pled a viable § 1983 inadequate medical care claim against Luker, Scott, and Griffin in their

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

individual capacities only.

Hall has also named Luker, Scott, and Griffin in their official capacities. However, sovereign immunity prohibits Hall from obtaining monetary damages, which is the only remedy he seeks, from Luker, Scott, and Grimes in their official capacities. *See Zajrael v. Harmon*, 677 F.3d. 353, 355 (8th Cir. 2012); *Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005). Thus, Hall's official capacity claims should be dismissed, without prejudice.

**B.  Procedural Due Process Claim**

Hall alleges that Griffin infringed his right to procedural due process by wrongfully rejecting his grievance as being untimely filed. The Eighth Circuit has made it clear that prisoners do not have a constitutional right to a prison grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, Griffin's alleged failure to properly respond to Hall's grievance is not a viable due process claim.

**C.  Substantive Due Process Claim**

Hall also makes the vague and conclusory allegation that Griffin, Luker, and Scott violated his substantive due process by engaging in conduct that "shocks the conscience." *Doc. 2 at 5.*

To plead a viable substantive due process claim, Hall must allege facts suggesting that: (1) his "fundamental rights" were violated; and (2) Griffin's, Luker's,

and Scott's conduct was "conscience shocking." *See Norris v. Engles,* 494 F.3d 634, 638 (8th Cir. 2007) (defining "fundamental rights" as constitutional rights that are "deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed"); *White v. Smith,* 696 F.3d 740, 757-58 (8th Cir. 2012) (defining "conscience shocking" behavior as "egregious" and "outrageous" conduct that is "intended to injure in some way unjustifiable by any government interest").

Hall's allegations that Luker, Scott, and Griffin failed to provide him with adequate medical care for a mouth infection and improperly rejected his grievance as being time barred do not reach either of those lofty requirements. *See Moran v. Clarke,* 296 F.3d 638, 647 (8th Cir. 2002) (holding that "substantive due process is concerned with violations of personal rights [that are] so severe [and] so disproportionate to the need presented, and so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience"). Thus, Hall's substantive due process claim should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Hall be allowed to PROCEED with his § 1983 inadequate medical care claim against Luker, Scott, and Griffin in their individual capacities only.

2. All other claims raised in the Complaint be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

3. Service be ordered on Luker, Scott, and Griffin.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a) (3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 1ˢᵗ day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE